Milord A. Keshishian, SBN 197835
milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677
nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; UNIQUE DESIGNS INC., a New York Corporation; KIRAN JEWELS, INC., a New York Corporation; TEJAS SHAH, an Individual; MAX COLOR LLC, an Illinois Limited Liability Company; PRATIK SHAH, an Individual; and DOES 1-10;<br><br>Defendants. | Case No.: 2:17-cv-3665 RGK (AJWx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br><br>**2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorney, sues Defendants Sears, Roebuck and Co. ("Sears"), Sears Holdings Management Corporation ("Sears Holding"), Unique Designs Inc. ("Unique Designs"), Kiran Jewels, Inc. ("Kiran"), Tejas Shah ("T. Shah"), Max Color LLC ("Max Color"), Pratik Shah, and Does 1-10 and alleges:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The Court has personal jurisdiction because Defendants engaged in substantial, continuous, and systematic activities within the state, including:

(a) operating fully interactive ecommerce websites and online storefronts that solicit and engage in regular business in California and this District;

(b) conducting regular business with California and this District as sophisticated sellers, using highly interactive commercial websites like www.sears.com, www.amazon.com, www.facebook.com, and www.ebay.com as a conduit to engage in a substantial volume of transactions;

(c) advertising nationwide;

(d) owning, occupying, and operating out of dozens of physical locations in California and this District;

(e) selling products from locations in California and this District;

(f) engaging in contractual relations with California companies like Facebook, Inc., Twitter, Inc., Yahoo, Inc., Instagram, Inc., and Pinterest, Inc. to market, sell, and distribute products nationwide, including California and this District; and

(g) registering with the California Secretary of State.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

3. The Court also has personal jurisdiction because Defendants engaged in multiple intentional acts of copyright infringement expressly aimed at California which have caused harm to LA Gem. Such acts include but are not limited to:

(a) marketing, selling, and delivering a substantial amount of infringing products in the state of California and this District;

(b) using highly interactive commercial websites like www.sears.com, www.amazon.com, www.facebook.com, and www.ebay.com as a conduit to engage in a substantial volume of nationwide sales of the infringing jewelry, including in the state of California and this District; and

(c) engaging in contractual relations with California companies like Facebook, Inc., Yahoo, Inc., and Pinterest, Inc. to market, sell, and distribute the infringing products nationwide, including in the state of California and this District.

4. Upon information and belief, Defendants also knew or were willfully blind to the fact that LA Gem owned a valid copyright in the subject designs, and that LA Gem would suffer lost sales and harm in this jurisdiction as a result of Defendants' infringing activities.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Upon information and belief, Defendants engaged in substantial, continuous, and systematic activities within this District. Upon information and belief, Defendants engaged in multiple intentional acts of copyright infringement expressly aimed at this District which have caused harm to LA Gem. Upon information and belief, Defendants Sears and Sears Holdings sell the infringing products in at least twenty-two (22) of their physical stores in this District.

//

//

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## THE PARTIES

6. Plaintiff LA Gem is a California corporation having a place of business at 659 S. Broadway, Los Angeles, California 90014. LA Gem also conducts business under its LA Rocks service mark and trademark.

7. Upon information and belief, Defendant Sears, Roebuck and Co. ("Sears") is a New York corporation with its principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179, and Sears does business in and with the State of California and, in particular, within this District. Specifically, at all relevant times Defendant Sears has:

(a) Advertised its goods nationwide, including advertising the infringing jewelry and targeting California and this District;

(b) Owned, occupied, and operated out of physical locations in California, including at least twenty-two (22) in this District that sold the infringing jewelry; and

(c) Maintained an active registration with the California Secretary of State with a designated agent for service of process in this District.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

8. Upon information and belief, Defendant Sears Holdings Management Corporation ("Sears Holdings") is a Delaware corporation with its principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179, and Sears Holdings does business in and with the State of California and, in particular, within this District. Specifically, at all relevant times Defendant Sears has:

(a) Owned and operated the fully interactive retail ecommerce website at www.sears.com that solicits, engages in, and facilitates regular business on a nationwide scale, including specifically in California and this District, and including marketing, selling, and delivering a substantial amount of the infringing jewelry;

(b) Advertised its goods nationwide, including advertising the infringing jewelry and targeting California and this District;

(c) Owned, occupied, and operated out of physical locations in California, including at least twenty-two (22) in this District that sold the infringing jewelry; and

(d) Maintained an active registration with the California Secretary of State with a designated agent for service of process in this District.

9. Upon information and belief, at all relevant times Defendants Sears and Sears Holdings were not qualified for safe harbor under the Digital Millennium Copyright Act ("DMCA") because they acted as direct sellers of the infringing jewelry, not mere online service providers, including sales of infringing goods in their brick and mortar stores.

10. Upon information and belief, Defendant Unique Designs Inc. ("Unique Designs") is a New York corporation with its principal place of business located at 521 Fifth Avenue, Suite 820, New York, NY 10175, and Unique Designs does business in and with the State of California and, in particular, within this District. Specifically, at all relevant times Defendant Unique Designs has:

(a) Used highly interactive retail ecommerce websites such as www.sears.com as a conduit to engage in a substantial volume of nationwide sales of the infringing jewelry, including in California and this District;

(b) Engaged in regular contractual relations with nationwide brick & mortar and online retailers such that it knew or should have known that its infringing jewelry would reach the state of California and this District; and

(c) Advertised its goods nationwide, including advertising the infringing jewelry and targeting California and this District.

11. Upon information and belief, Defendant Kiran Jewels, Inc. ("Kiran") is a New York corporation with its principal place of business located at 521 Fifth Avenue, Suite 820, New York, NY 10175, and Kiran does business in and with the State of

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

California and, in particular, within this District. Specifically, at all relevant times Defendant Kiran has:

(a) Used highly interactive retail ecommerce websites such as www.sears.com as a conduit to engage in a substantial volume of nationwide sales of the infringing jewelry, including in California and this District;

(b) Engaged in regular contractual relations with nationwide brick & mortar and online retailers such that it knew or should have known that its infringing jewelry would reach the state of California and this District; and

(c) Advertised its goods nationwide, including advertising the infringing jewelry and targeting California and this District.

12. Upon information and belief, Defendant Tejas Shah ("T. Shah") is and at all times herein mentioned was an individual residing in the state of New York, a principal and/or owner of Defendants Unique Designs and Kiran, and does business in and with the State of California and, in particular within this District. Plaintiff is further informed and believes, and upon that basis alleges, that T. Shah is a principal, guiding spirit, and/or central figure in the corporate Unique Designs and Kiran defendants and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

13. Upon information and belief, Defendant Max Color LLC ("Max Color") is an Illinois limited liability company with its principal place of business located at 5 S. Wabash Ave., Suite 1810, Chicago, IL 60603, and Max Color does business in and with the State of California and, in particular, within this District. Specifically, at all relevant times Defendant Max Color has:

(a) Owned and operated a fully interactive retail ecommerce website at www.maxcolorllc.com that solicits and engages in regular business in California and this District, including marketing, selling, and delivering a

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

substantial amount of the infringing jewelry;

(b) Used highly interactive retail ecommerce websites such as www.sears.com as a conduit to engage in a substantial volume of nationwide sales of the infringing jewelry, including in California and this District; and

(c) Advertised its goods nationwide, including advertising the infringing jewelry and targeting California and this District.

14. Upon information and belief, Defendant Pratik Shah ("P. Shah") is and at all times herein mentioned was an individual residing in the state of Illinois, a principal and/or owner of Defendant Max Color, and does business in and with the State of California and, in particular within this District. Plaintiff is further informed and believes, and upon that basis alleges, that P. Shah is a principal, guiding spirit, and/or central figure in the corporate Max Color defendant and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

15. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed LA Gem's copyrights, have contributed to the infringement of LA Gem's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 1 through 10, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

16. LA Gem is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of LA Gem's rights and the damages to LA Gem proximately caused thereby.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## FACTS COMMON TO ALL COUNTS

17. LA Gem is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers.

18. LA Gem is the designer and creator of the original artwork (as hereinafter described), all prior to Defendants' conduct complained of herein.

19. Upon information and belief, Defendants Sears, Sears Holdings, Unique Designs, Chetrit, Kiran, T. Shah, Max Color, and P. Shah are retailers, manufacturers, and/or distributors of jewelry to the jewelry industry, and are in the business of manufacturing, marketing, and selling jewelry products that are available for purchase and use across the United States, including in this District.

## COMMON ALLEGATIONS RELATED TO MOON PENDANT NO. 1

20. In 2011, LA Gem created its original design entitled LA Rocks I Love You to the Moon and Back: 440811 ("Moon Pendant No. 1"), as pictured below:




21. Thereafter, LA Gem sought to register the copyright in Moon Pendant No. 1 with the United States Copyright Office, and was granted such registration on November 21, 2013, under Registration No. VA 1-912-320.

22. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to Moon Pendant No. 1. Moon Pendant No. 1 is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

23. Since the creation of Moon Pendant No. 1, LA Gem has been and still is the

sole proprietor of all rights, title, and interest in and to the copyright therein and Certificates of Registration corresponding therewith.

24. Since its creation, Moon Pendant No. 1 has been manufactured and/or distributed by LA Gem or under its authority.

25. LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute Moon Pendant No. 1 or any jewelry products substantially similar thereto.

26. Upon information and belief, Defendants Sears and Sears Holdings, Max Color, and P. Shah have engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of Moon Pendant No. 1.

27. Upon information and belief, Defendants Sears and Sears Holdings, Max Color, and P. Shah have sold unauthorized and infringing copies of at least Moon Pendant No. 1, which bear a design that is substantially similar – if not strikingly similar – to the authentic Moon Pendant No. 1 at retail, at wholesale, and through retailers. The infringement is so brazen that it copies LA Gem's Designer's cursive handwriting. All of the foregoing acts occurred without LA Gem's consent.

28. Upon information and belief, Defendants Sears and Sears Holdings, Max Color, and P. Shah have sold the unauthorized infringing copies of Moon Pendant No. 1 to the public, and customers in this district, at retail, at wholesale, and through retailers, including at least at, Sears.com and maxcolorllc.com. A comparison of LA Gem's genuine product and the infringing products is set forth below:




**LA Gem's Moon Pendant No. 1**




**Max Color & P. Shah's Infringing Moon Pendant No. 1**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878




**Sears & Sears Holdings**
**Infringing Moon Pendants No. 1**

## COMMON ALLEGATIONS RELATED TO MOON PENDANT NO. 2

29. In 2013, LA Gem created its original design entitled LA Rocks I Love You to the Moon and Back: 451635 ("Moon Pendant No. 2"), as pictured below:




30. Thereafter, LA Gem sought to register the copyright in Moon Pendant No. 2 with the United States Copyright Office, and was granted such registration on December 3, 2013, under Registration No. VA 1-896-337.

31. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to Moon Pendant No. 2. Moon Pendant No. 2 is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

32. Since the creation of Moon Pendant No. 2, LA Gem has been and still is the sole proprietor of all rights, title, and interest in and to the copyright therein and

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Certificates of Registration corresponding therewith.

33. Since its creation, Moon Pendant No. 2 has been manufactured and/or distributed by LA Gem or under its authority.

34. LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute Moon Pendant No. 2 or any jewelry products substantially similar thereto.

35. Upon information and belief, Defendants Sears and Sears Holdings engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of Moon Pendant No. 2.

36. Upon information and belief, Defendants Sears and Sears Holdings have sold unauthorized and infringing copies of at least Moon Pendant No. 2, which bear a design that is substantially similar – if not strikingly similar – to the authentic Moon Pendant No. 2 at retail, at wholesale, and through retailers. The infringement is so brazen that it copies LA Gem's Designer's cursive handwriting. All of the foregoing acts occurred without LA Gem's consent.

37. Upon information and belief, Defendants Sears and Sears Holdings have sold the unauthorized infringing copies of Moon Pendant No. 2 to the public, and customers in this district, at retail, at wholesale, and through retailers, including at least at Sears.com. A comparison of LA Gem's genuine product and the infringing products is set forth below:




**LA Gem's Moon Pendant No. 2**




**Sears & Sears Holdings' Infringing Moon Pendant No. 2**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

38. Upon information and belief, Defendants Sears and Sears Holdings did not qualify for safe harbor under the DMCA at the time they infringed the Moon Pendant No. 2 because they acted as direct sellers of the infringing products, not mere online service providers, and because they sold the infringing products in their physical stores.

**COMMON ALLEGATIONS RELATED TO FOREVER PENDANTS**

39. In 2013, LA Gem created its original design entitled LA Rocks Love is Forever: 450666 ("Forever Pendant No. 1"), as pictured below:



40. Thereafter, LA Gem sought to register the copyright in Forever Pendant No. 1 with the United States Copyright Office, and was granted such registration on November 27, 2013, under Registration No. VA 1-889-351.

41. In 2013, LA Gem created its original designs entitled LA Rocks Love is Forever: 450836, 450837, including its Design No. 450836 ("Forever Pendant No. 2") as pictured below:



42. Thereafter, LA Gem sought to register the copyright in Forever Pendant No.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

2 with the United States Copyright Office, and was granted such registration on November 27, 2013, under Registration No. VA 1-889-801.

43. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to Forever Pendant No. 1 and Forever Pendant No. 2 (collectively the "Forever Pendants"). The Forever Pendants are original works copyrightable under the Copyright Act, and have been registered in full compliance with the Copyright Act.

44. Since the creation of the Forever Pendants, LA Gem has been and still is the sole proprietor of all rights, title and interest in and to the copyright therein and Certificates of Registration corresponding therewith.

45. Since their creation, the Forever Pendants have been manufactured and/or distributed solely by LA Gem or under its authority.

46. LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute any of the copyrighted Forever Pendants or any jewelry products substantially similar thereto.

47. Upon information and belief, Defendants Sears, Sears Holdings, Unique Designs, Kiran, and T. Shah have engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Forever Pendants in violation of LA Gem's copyrights.

48. Upon information and belief, Defendants Sears, Sears Holdings, Unique Designs, Kiran, and T. Shah have sold unauthorized and infringing copies of at least the Forever Pendants, which bear a design that is substantially similar – if not strikingly similar – to the authentic Forever Pendants at retail, at wholesale, and through online retailers. Infringing copies of the Forever Pendants include, but are not limited to: (a) certain jewelry pieces featuring white inset gemstones, manufactured by or through Unique Designs bearing SKU No. D44 M27195 R, as displayed on the Sears store product label; and (b) certain jewelry pieces featuring light blue inset gemstones, manufactured by or through Sears and/or Sears Holdings bearing Item No.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

04427195000P, as displayed on the Sears.com website. All of the foregoing acts occurred without LA Gem's consent.

49. Upon information and belief, Defendants Sears, Sears Holdings, Unique Designs, Kiran, and T. Shah have sold the unauthorized infringing copies of the Forever Pendants to the public, and customers in this district, through at least the Sears retail stores and the Sears.com website. A comparison of LA Gem's genuine product and the infringing products is set forth below:




**LA Gem's Forever Pendants**



**Sears, Sears Holdings, Unique Designs, Kiran, and T. Shah's SKU No. D44 M27195**



**Sears & Sears Holdings' Item No. 04427195000P**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## <u>First Cause of Action</u>

(Copyright Infringement)

50. LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. Defendants' acts constitute infringement of LA Gem's copyright in Moon Pendant No. 1, Moon Pendant No. 2, and Forever Pendants (collectively, "LA Gem's Pendants") in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

52. LA Gem is informed and believes that Defendants' manufacture, distribution, duplication and/or sale of infringing copies of LA Gem's Pendants was deliberate, willful, malicious, oppressive, and without regard to LA Gem's proprietary rights.

53. Defendants' copyright infringement has caused, and will continue to cause LA Gem to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyright in LA Gem's Pendants and further, has damaged LA Gem's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined. In addition, LA Gem is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, LA Gem is entitled to recover statutory damages, on election by LA Gem in an amount of up to $150,000 per copyright registration.

54. Defendants' copyright infringement and the threat of continuing infringement has caused, and will continue to cause, LA Gem repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford LA Gem adequate relief at law for Defendants' acts and continuing acts. LA Gem's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, LA Gem is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of LA Gem's Pendants, and all molds by which such infringing copies were produced, be seized, impounded, and destroyed.

55. LA Gem is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## **Second Cause of Action**

(Contributory and/or Vicarious Copyright Infringement)

56. LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sale of

products bearing LA Gem's Pendants as alleged in this Complaint.

58. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, are vicariously liable for the copyright infringement alleged in this Complaint because they had the right and the ability to supervise such infringement and because they had a direct financial interest in the infringing conduct.

59. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered substantial damages to its business in an amount to be established at trial.

60. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered general and special damages in an amount to be established at trial.

61. By virtue of Defendants' contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not have realized but for their infringement of LA Gem's Pendants. As such, LA Gem is entitled to disgorgement of Defendants' profits that are directly and indirectly attributable to their acts of infringement in an amount to be established at trial.

62. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, and/or sell the infringing product with knowledge that such acts violated LA Gem's intellectual property rights. Therefore, Defendants' acts of copyright infringement as alleged above, were and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off, and/or infringed LA Gem's Pendants, which renders Defendants, and each of them, liable for statutory damages as described above. Within the time permitted by law, LA Gem will elect between actual or statutory damages.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LA Gem prays for judgment against Defendants as follows:

A. That the Court enter a judgment against Defendants that Defendants have infringed the rights of LA Gem in LA Gem's federally registered copyrights under 17 U.S.C. § 501 and/or that LA Gem's pending copyright application(s) are valid and entitled to protection.

B. That the Court issue a Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

i. manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is substantially similar to LA Gem's Pendants;

ii. destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

iii. engaging in any other activity constituting an infringement of LA Gem's copyrights of LA Gem's Pendants.

C. That LA Gem be awarded damages for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of LA Gem's copyrights; or (ii) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at LA Gem's election before the entry of final judgment, together with prejudgment and post-judgment interest.

D. That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and

all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using LA Gem's Pendants or any other jewelry that infringes LA Gem's copyrights.

E. That the Court award LA Gem its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F. That the Court award LA Gem its costs of suit incurred herein.

G. That LA Gem be awarded such other relief as may be appropriate.

Dated: September 28, 2017

Respectfully submitted,
**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## DEMAND FOR JURY TRIAL

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated: September 28, 2017

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878