Teresa C. Chow, SBN 237694
*tchow@bakerlaw.com*
Jihee Ahn, SBN 292659
*jahn@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendants/Cross-Claimants
SEARS, ROEBUCK & CO. and SEARS HOLDINGS MANAGEMENT CORPORATION

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,

Plaintiff,

v.

SEARS, ROEBUCK & CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; UNIQUE DESIGNS INC., a New York Corporation; KIRAN JEWELS, INC., a New York Corporation; TEJAS SHAH, an Individual; MAX COLOR LLC, an Illinois Limited Liability Company; PRATIK SHAH, an Individual; and DOES 1-10;

Defendants.

---

SEARS, ROEBUCK & CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation,

Cross-Claimants,

v.

KIRAN JEWELS, INC., a New York Corporation,

Cross-Defendant.

Case No.: 2:17-cv-03665-RGK-AJW

[Honorable R. Gary Klausner]

**SEARS, ROEBUCK & CO. AND SEARS HOLDINGS MANAGEMENT CORPORATION'S CROSS-CLAIM AGAINST KIRAN JEWELS, INC.**

Action Filed: May 16, 2017

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants/Cross-Claimants Sears, Roebuck & Co. and Sears Holdings Corporation (collectively, "Sears"), by and through its attorneys, for its Cross-Claim against Cross-Defendant, Kiran Jewels, Inc. ("Kiran"), state as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the federal claims in the Complaint filed in this action by Plaintiff, L.A. Gem & Jewelry Design, Inc. ("L.A. Gem"), pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the claims in this Cross-Claim pursuant to 28 U.S.C. § 1367 because the claims arise from the same claims brought by L.A. Gem in the Complaint.

2. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because this cross-claim arises out of the occurrence which is the subject matter of the original action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PARTIES

3. Sears, Roebuck and Co. is a corporation duly incorporated according to the laws of the State of New York with its principal place of business located in Hoffman Estates, Illinois.

4. Sears Holdings Management Corporation is a corporation incorporated to the laws of the State of Delaware with its principal place of business located in Hoffman Estates, Illinois.

5. Kiran is a corporation duly incorporated according to the laws of the State of New York with its principal place of business located at 521 Fifth Avenue, Suite 820, New York, NY 10175.

## FACTUAL BACKGROUND

6. Plaintiff L.A. Gem sued Sears and others on May 16, 2017 for copyright infringement and contributory and/or vicarious copyright infringement. L.A. Gem sought either actual or statutory damages pursuant to 17 U.S.C. § 504,

permanent injunctive relief, attorneys' fees, and other available relief.

7. L.A. Gem, a California corporation in the business of selling jewelry, alleges that several Defendants infringed its valid copyrights by selling designs protected by U.S. Copyright Registration Nos. VA 1-912-320, 1-896-337, and 1-889-351.

8. Kiran sold Sears the goods accused of infringing U.S. Copyright Registration Nos. VA 1-912-320, 1-896-337 and 1-889-351 ("Accused Products").

9. On May 30, 2017, Kiran entered into a Universal Terms and Conditions Agreement with Sears ("UTC Agreement").

10. Kiran represented and warranted in UTC Agreement Section 8.3 ("Intellectual Property") that:

> [a]ll patents, trademarks, trade names, trade dress, copyrights, trade secrets, rights of publicity and other intellectual property rights (other than those intellectual property rights owned by or licensed to Company) used by Seller in connection with Merchandise or in the development or manufacture of Merchandise are either owned by Seller or Seller has been and is properly authorized by the owner of such rights to use such intellectual property rights in connection with such Merchandise and to sell such Merchandise incorporating such intellectual property rights to Company, its Authorized Resellers, and Company-Branded Outlets, for use or further resale and (b) Merchandise will not, at the time that it is delivered, offered for sale or sold by Company, its Authorized Resellers or Company-Branded Outlets, infringe any patent, trademark, service mark, trade name, trade dress, copyright, trade secret, domain name, right of publicity or other intellectual property right of any person, corporation or other entity. Seller shall notify Company's General Counsel in writing by certified mail, return receipt requested, within five (5) business days after it has

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

knowledge of any claim or allegation of infringement, misuse, dilution, misappropriation or other violation of any patent, trademark, service mark, trade name, trade dress, copyright, trade secret, domain name, right of publicity or other intellectual property right in any way related to or affecting Merchandise.

11. Per UTC Agreement Section 11.1 ("Defense"), Kiran owes Sears a duty to defend it against any allegations of copyright infringement:

Seller shall, at its own cost and expense, defend (i) Company (ii) all of Company's past, present, and future affiliates, (iii) all past, present, and future Company-Branded Outlets, (iv) all past, present, and future Authorized Resellers, (v) all past, present, and future Personnel of each of the foregoing entities, and (vi) all other persons directly or indirectly involved in the distribution or sale of Merchandise (each an "**Indemnified Party** ") from and against all allegations (even though such allegations may be false, fraudulent or groundless) asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party, whether actual or alleged and whether or not Seller's Indemnity and Contribution Obligations (as defined below) shall apply, arising out of or relating to any of the following (collectively, the "**Claims**"): (a) the infringement, misuse, dilution, misappropriation, or other violation of any patent, trademark, service mark, trade name, trade dress, copyright, trade secret, domain name, right of publicity or other intellectual property right in any way relating to or affecting Merchandise, or any unfair competition involving Merchandise intellectual property right in any way relating to or affecting Merchandise, or any unfair competition involving Merchandise; (b) death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or claimed to result

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

in whole or in part from any latent or patent defect in Merchandise, including improper manufacture, construction, assembly, installation, repair, display, packaging, service or design of Merchandise, failure of Merchandise to comply with any Specification or samples or with any express or implied warranties of Seller, or any claim of strict liability in tort relating to Merchandise; (c) any violation by Seller (or its affiliates, or the Personnel of each of them) in the manufacture, construction, assembly, installation, repair, display, packaging, possession, service, design, use, delivery or sale of Merchandise ("**Production or Sale**") of any federal, state or local law, regulation, ordinance or administrative order or rule of the United States, its territories or any other country in which the Production or Sale of Merchandise took place; (d) the packaging, tagging, labeling, packing, shipping, delivery and invoicing of Merchandise; (e) failure to warn or to provide adequate warnings or instructions in the use, assembly, service or installation of Merchandise; (f) the packaging, labeling or advertising claims made by Seller; (g) the display, assembly or installation of Merchandise, or (h) the assertion by a third party of a security interest, right of replevin, or other legal interest created by a factoring or other credit arrangement in any amount due Seller under a Vendor Agreement. Notwithstanding the provisions of the foregoing sentence, Seller shall have no obligation to defend any Indemnified Party in any action, lawsuit, or other proceeding in which the basis for the claim is confined to the sole negligence of any Indemnified Party in the display, assembly, service, repair or installation of Merchandise. Seller shall retain defense counsel satisfactory to Company and shall, from time to time, provide reports, consult with Company's Personnel in conducting the defense of the Claims and otherwise cooperate fully with the reasonable requests of Company;

provided that only with respect to claims arising under Section 11.1(a), Company may, at its election and at any time, take control of the defense and investigation of said Claims and employ attorneys and other consultants, investigators and experts of its own choice to manage and defend any such Claims at the cost and expense of Seller. The obligations of Seller under this Section 11.1 are referred to herein as the "**Defense Obligations**".

12. Per UTC Agreement Section 11.2 ("Indemnification"), Kiran also owes Sears a duty of indemnification:

> Seller shall hold harmless and indemnify the Indemnified Parties from and against any and all damages, liabilities, losses, costs and expenses (including reasonable attorneys' fees, disbursements and costs of investigation) incurred by any of the Indemnified Parties in any claim, demand, action, lawsuit, or proceeding arising out of or in any way relating to any Claims; provided that Seller shall have no obligation to indemnify any Indemnified Party for damages awarded based on the sole negligence of any Indemnified Party in the display, assembly, service, repair or installation of any Merchandise. In any case in which Seller's indemnity obligation set forth in the preceding sentence is not enforceable under applicable law and in which any Indemnified Party and Seller are found to be liable to a third party with respect to Merchandise, then Company and Seller shall each contribute to the payment of any judgment awarded in favor of such third party in proportion to the comparative degree of culpability of the Indemnified Parties and Seller. The obligations of Seller under this Section 11.2 are referred to herein as the "**Indemnity and Contribution Obligations**".

13. According to L.A. Gem's Complaint and First Amended Complaint, Sears engaged in copyright infringement when it sold the Accused Products on the Sears.com website.

14. On May 24, 2017, Sears sent a letter notifying Kiran of this suit and requesting defense and indemnification pursuant to the UTC Agreement. Attached hereto as **Exhibit A** is a true and correct copy of the May 24, 2017 letter from Sears to Kiran.

15. To date, Kiran has refused to honor its contractual agreement with Sears by providing it with a defense or agreeing to indemnify Sears. As such, Sears has already incurred damage by way of the reasonable attorneys' fees and costs it has already incurred (and will continue to incur) in defending L.A. Gem's suit.

16. If Sears is compelled to pay any amounts to L.A. Gem, whether by way of settlement or judgment, then it has, and asserts, a right to recover against Kiran the amount of any such amounts, together with reasonable costs and attorneys' fees incurred by Sears arising out of Kiran's breach of contract as alleged in Count I of this Cross-Claim, respectively.

**COUNT I – BREACH OF CONTRACT**

17. Sears restates and realleges the allegations set forth in paragraphs 1 through 16 as if fully set forth herein as paragraph 17.

18. Under the UTC Agreement, Kiran owes Sears a duty to defend and indemnify Sears for any and all claims, including reasonable attorneys' fees and costs associated with those claims, arising out of any claims for copyright infringement asserted by third parties.

19. In addition, Kiran represented and warranted in the UTC Agreement that it either owned all intellectual property rights, including copyrights or was authorized by the owner of such intellectual property rights to use such rights in connection with the Accused Products that Kiran sold to Sears.

///

20. Sears relied upon Kiran's assurances in the UTC Agreement that it would fulfill its duty to defend and indemnify Sears for Kiran's wrongful acts.

21. Sears compensated Kiran for the Accused Products.

22. According to the First Amended Complaint, Plaintiff alleges that Sears committed copyright infringement based exclusively on its sale of the Accused Products.

23. As a direct and proximate result of Kiran's actions, it has breached the UTC Agreement and is liable for any and all damages that may be awarded in favor of L.A. Gem against Sears, plus reasonable costs and attorneys' fees incurred by Sears in defending L.A. Gem's suit against it.

24. Sears has fulfilled all conditions precedent.

WHEREFORE, Defendants and Cross-Claimants Sears, Roebuck and Co. and Sears Holdings Management Corporation, demand judgment against Cross-Defendants, Kiran Jewels, Inc., as to Count I for: (1) all sums that may be awarded in favor of L.A. Gem against Sears, plus reasonable costs and attorneys' fees incurred by Sears arising out of Kiran's contractual obligations to Sears, and such other relief as this Court deems fair and just.

Dated: October 12, 2017

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Teresa C. Chow*
Teresa C. Chow
Jihee Ahn

Attorneys for Defendants/Cross-Claimants SEARS, ROEBUCK AND CO. and SEARS HOLDINGS MANAGEMENT CORPORATION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES