MARK D. BRUTZKUS - Bar No. 128102
JEFFREY A. KOBULNICK - Bar No. 228299
MICHAEL A. BERNET – Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: mbrutzkus@bg.law
jkobulnick@bg.law
mbernet@bg.law

Attorneys for Crossclaimant.
**KIRAN JEWELS, INC.**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,

Plaintiff,

v.

SEARS, ROEBUCK AND CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; UNIQUE DESIGNS, INC., a New York Corporation; KIRAN JEWELS, INC., a New York Corporation; TEJAS SHAH, an Individual; MAX COLOR LLC, an Illinois Limited Liability Company; PRATIK SHAH, an Individual; and DOES 1-10,

Cross-Defendant.

---

KIRAN JEWELS, INC., a New York Corporation,

Crossclaimant,

v.

SEARS, ROEBUCK & CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; and ROES 1-10,

Cross-Defendants.

Case No. CV17-03665 RGK (AJWx)

**CROSSCLAIM OF KIRAN JEWELS, INC. AGAINST CO-DEFENDANT SEARS, ROEBUCK & CO. AND SEARS HOLDINGS MANAGEMENT CORPORATION FOR:**

**(1) BREACH OF WARRANTY AGAINST INFRINGEMENT**

**(2) IMPLIED CONTRACTUAL INDEMNITY**

**(3) DECLARATORY RELIEF AND COMPARATIVE INDEMNITY**

**DEMAND FOR JURY TRIAL**

Assigned to: Hon. R. Gary Klausner

Crossclaimant, KIRAN JEWELS, INC. by and through its undersigned attorneys, hereby alleges as follows:

**PARTIES**

1. Crossclaimant KIRAN JEWELS, INC. ("KIRAN") is, and at all times herein mentioned was a corporation duly organized and existing under the laws of the State of New York. KIRAN's principal place of business is located at 521 Fifth Avenue, Suite 820, New York, NY 10175. KIRAN is doing business in and with the State of California.

2. Upon information and belief, Cross-Defendant, SEARS, ROBEBUCK AND CO. ("SEARS") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of New York with its principal place of business located in Hoffman Estates, Illinois.

3. Upon information and belief, Cross-Defendant, SEARS HOLDINGS MANAGEMENT CORPORATION ("SEARS HOLDING") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Hoffman Estates, Illinois.

4. The true names and capacities of Cross-Defendants ROES 1-10, inclusive, are unknown to KIRAN who therefore sues said Cross-Defendants by such fictitious names. KIRAN will seek leave of court to amend this Crossclaim when said true names and capacities have been ascertained.

5. As used herein, Cross-Defendants SEARS and SEARS HOLDING are referred to collectively as "SEARS".

6. As used herein, SEARS and ROES 1-10, inclusive, are each referred to as a "Cross-Defendant" and collectively as the "Cross-Defendants".

7. Upon information and belief, at all times mentioned herein, Cross-Defendants were the agents, servants and/or employees of one another, and in doing the things herein mentioned and alleged were acting within the scope of such agency and/or employment.

8. Upon information and belief, at all times mentioned herein, Cross-Defendants were the agents, servants, employees, joint venturers and/or co-conspirators of one another, and at all times herein mentioned were acting within the course and scope of said agency, employment or service and in furtherance of the joint venture and/or conspiracy.

9. Upon information and belief, all of the acts and conduct herein described of Cross-Defendants were duly authorized, ordered and directed by each of the other Cross-Defendants' agents, representatives, employees, officers and management-level employees of said corporate employers. In addition, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, officers and representatives, and the Cross-Defendants, and each of them, respectively and collectively, ratified, accepted the benefits, condoned, acquiesced and approved of each and all of the said acts and conduct of the aforesaid corporate employees, agents, officers and representatives.

## GENERAL ALLEGATIONS

10. The underlying infringement action (UNDERLYING ACTION") commenced on May 16, 2017 and a First Amended Complaint ("FAC") was filed on September 28, 2017. Plaintiff L.A. Gem & Jewelry Design, Inc., a California corporation ("L.A. GEM"), asserted claims against SEARS, ROBEBUCK & CO., a New York corporation, SEARS HOLDINGS MANAGEMENT CORPORATION, a New Delaware corporation, UNIQUE DESIGNS INC., a New York corporation ("UNIQUE DESIGNS"), KIRAN JEWELS, INC., a New York corporation, TEJAS SHAH, an individual ("T. SHAH"), MAX COLOR LLC, an Illinois limited liability company ("MAX COLOR"), PRATIK SHAH, an individual ("P. SHAH") and other DOE defendants, for copyright infringement of its alleged copyright design numbers: LA Rocks I Love You to the Moon and Back: 440811 ("Moon Pendant No. 1"); LA Rocks I Love You to the Moon and Back: 451635 ("Moon Pendant No. 2); LA Rocks Love is Forever: 450666 ("Forever Pendant No. 1"); LA Rocks Love is Forever:

450836, 450837, including its Design No. 450836 (“Forever Pendant No. 2”) (collectively referred to in the FAC as “LA Gem’s Pendants”).

11. As alleged in the FAC, the copyright infringement relates to products allegedly bearing designs identical or substantially similar to the LA Gem’s Pendants, which were allegedly marketed, manufactured, distributed, duplicated and/or sold by Defendants SEARS, SEARS HOLDINGS, UNIQUE DESIGNS, KIRAN, T. SHAH, MAX COLOR, and P. SHAH.

12. A Cross-Claim (“SEARS Cross-Claim”) was filed by SEARS and SEARS HOLDING on October 12, 2017. Cross-Claimants, SEARS and SEARS HOLDING asserted claims against KIRAN for a duty to defend against any allegations in the UNDERLYING ACTION and indemnification.

13. SEARS is a retailer.

14. KIRAN is a distributor, who sells products to, *inter alia*, SEARS.

15. SEARS provided the allegedly infringing design in the UNDERLYING ACTION to KIRAN.

16. At SEARS’ request, KIRAN had the design (provided by SEARS) manufactured for SEARS and sold the finished product to SEARS.

17. SEARS also approved the finished jewelry product before offering it for sale to the public.

18. As a direct and proximate result of Cross-Defendants SEARS’ conduct, and Plaintiff’s resulting claim against KIRAN, KIRAN has or may incur the following losses and/or damages: (1) legal defense expenses defending the underlying action; (2) legal expenses bringing this Crossclaim; and (3) potential liability to L.A. GEM as alleged by L.A. GEM in the underlying action.

/ / /

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

IMPLIED CONTRACTUAL INDEMNITY

(Against all Cross-Defendants)

19. KIRAN hereby refers to and incorporates paragraphs 1 through 18 of this Crossclaim as thought fully set forth herein.

20. If L.A. GEM sustained damages as alleged in its FAC for copyright infringement, these damages were caused entirely by Cross-Defendants SEARS, SEARS HOLDINGS, and ROES 1-10, as set forth herein.

21. KIRAN is entitled to indemnification from Cross-Defendants SEARS, SEARS HOLDINGS, and ROES 1-10 as a result of their wrongful acts as alleged by L.A. GEM in its FAC for copyright infringement in that Cross-Defendants SEARS, SEARS HOLDINGS, and ROES 1-10, but not KIRAN, caused the alleged harm to L.A. GEM, if any, by adopting and instructing KIRAN to use a design in connection with allegedly infringing products.

22. KIRAN is entitled to a judgment for indemnity in this Cross-Complaint against Cross-Defendants SEARS, SEARS HOLDING, and ROES 1-10, for any or all sums that KIRAN has incurred or will incur in relation to the claims asserted by L.A. GEM in its FAC, including any award of damages against KIRAN for copyright infringement as alleged in L.A. GEM's FAC, and all attorneys' fees and costs incurred in defending L.A. GEM's claims, since these attorneys' fees and costs arose not as a result of any fault or action of KIRAN, but as a result of the actions and/or omissions of Cross-Defendants SEARS, SEARS HOLDINGS, and ROES 1-10, as alleged herein and in L.A. GEM's FAC for copyright infringement.

**SECOND CLAIM FOR RELIEF**

DECLARATORY RELIEF AND COMPARATIVE LIABILITY

(Against all Cross-Defendants)

23. KIRAN hereby refers to and incorporates paragraphs 1 through 22 of this Crossclaim as though fully set forth herein.

24. If L.A. GEM sustained damages as alleged in its FAC for copyright infringement of its L.A. Gem's Pendants, these damages were caused entirely, or in part, by the Cross-Defendants, SEARS, SEARS HOLDINGS and ROES 1-10, and not KIRAN as set forth herein.

25. An actual controversy has arisen and now exists between KIRAN and the Cross-Defendants, SEARS, SEARS HOLDING and ROES 1-10, in that KIRAN contends, and the Cross-Defendants deny, the following:

i. That, as between KIRAN and the Cross-Defendants, SEARS, SEARS HOLDING and ROES 1-10, responsibility, if any, for the damages claimed by L.A. GEM in its FAC for copyright infringement herein rests entirely or partially on the Cross-Defendants; and

ii. That, as a result, Cross-Defendants SEARS, SEARS HOLDING and ROES 1-10 are obligated to partially or fully indemnify KIRAN for any sum that KIRAN may be compelled to pay as the result of any damages, judgment, or other awards recovered by L.A. GEM against KIRAN.

26. KIRAN desires a judicial determination of the respective rights and duties of KIRAN and the Cross-Defendants SEARS, SEARS HOLDING, and ROES 1-10, with respect to the damages claimed in L.A. GEM's FAC for copyright infringement.

27. In particular, KIRAN desires a declaration of the comparative liability of KIRAN and the Cross-Defendants SEARS, SEARS HOLDING, and ROES 1-10, for these damages, and a declaration of Cross-Defendants' responsibility for comparative indemnity to KIRAN for any sums that KIRAN may be compelled to pay and for which Cross-Defendants are determined responsible, entirely or in part.

28. Such a declaration is necessary and appropriate at this time in order that KIRAN may ascertain its rights and duties with respect to L.A. GEM's claims for damages arising out of its FAC for copyright infringement.

29. Furthermore, the claims of L.A. GEM and the claims of KIRAN arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if KIRAN is required now to defend against the claims of L.A. GEM and then bring a separate action against Cross-Defendants for indemnification of sums that KIRAN may be compelled to pay as the result of any damages, judgment, or other wards recorded by L.A. GEM against SEARS.

## PRAYER FOR RELIEF

**WHEREFORE**, KIRAN prays for judgment in its favor and against the Cross-Defendants as follows:

On the First Claim for Relief as against all Cross-Defendants:

1. For general and incidental damages in an amount according to proof to be determined at time of trial;

2. For the sum KIRAN is compelled to pay L.A. GEM as the result of any damages, judgment, or other awards recovered by L.A. GEM against KIRAN.

3. For attorneys' fees and costs incurred by KIRAN in defending and resolving the claim of L.A. GEM against Cross-Defendants.

4. For attorneys' fees and costs incurred by KIRAN in connection with bringing and resolving this Crossclaim against Cross-Defendants; and

5. For prejudgment interest at the legal rate as provided by statute.

On the Second Claim for Relief as against all Cross-Defendants:

6. For a judicial determination of the comparative fault of KIRAN and the Cross-Defendants for the damages claimed by L.A. GEM, if any are found to exist; and

7. For a declaration of the amount that the Cross-Defendants are obligated to indemnify KIRAN if KIRAN is compelled to pay any sum as the result of any damages, judgment, or other wards recovered by L.A. GEM Cross-Defendants and KIRAN.

On all Claims for Relief as against all Cross-Defendants:

8. For costs of suit incurred; and

9. For such other and further relief as the court deems just proper.

Dated: May 9, 2018

BRUTZKUS GUBNER

By: /s/ Jeffrey A. Kobulnick
MARK D. BRUTZKUS
JEFFREY A. KOBULNICK
MICHAEL A. BERNET
Attorneys for Crossclaimant,
**KIRAN JEWELS, INC.**

**DEMAND FOR JURY TRIAL**

Crossclaimant KIRAN JEWELS, INC. hereby demands a trial by jury on the Crossclaim made herein.

Dated: May 9, 2018

BRUTZKUS GUBNER

By: /s/ Jeffrey A. Kobulnick
MARK D. BRUTZKUS
JEFFREY A. KOBULNICK
MICHAEL A. BERNET
Attorneys for Cross-Defendant,
**KIRAN JEWELS, INC.**